# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN MARK WABNITZ,<br><br>Petitioner,<br><br>v.<br><br>UNKNOWN,<br><br>Respondent. | Case No.: 19cv2414 GPC (MSB)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

## FAILURE TO SATSIFY FILING FEE REQUIREMEN

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis. See Rule 3.2 (a), 28 U.S.C. foll. § 2254.

## FAILURE TO NAME A PROPER RESPONDENT

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir.

1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id.

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v. Washington, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d at 895.

Here, Petitioner has not named a Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

///
///
///
///
///

## BASIS FOR THE PETITION

Further, if Petitioner is challenging the validity of his state court conviction, 28 U.S.C. § 2254 and not 28 U.S.C. § 2241 is the proper vehicle to challenge his detention. As the Ninth Circuit has stated:

> Section 2254 is properly understood as "in effect implement[ing] the general grant of habeas corpus authority found in § 2241 as long as the person is in custody pursuant to the judgment of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction." [citations omitted.]

White v. Lambert, 370 F.3d 1002, 1006 (9th Cir. 2004) (quoting Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000) (emphasis in original).

## CONCLUSION

Accordingly, the Court **DISMISSES** the Petition without prejudice and with leave to amend. If Petitioner wishes to proceed with this case, he must submit, **no later than March 13, 2020**, a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee and a First Amended Petition which cures the pleading deficiencies outlined in this Order. *The Clerk of Court will send a blank Southern District of California Prisoner Packet to Petitioner along with a copy of this Order.*

IT IS SO ORDERED.

Dated: January 6, 2020

Hon. Gonzalo P. Curiel
United States District Judge

3
19cv2414 GPC (MSB)